FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA.

2019 NOV 18  P 3: 01

WILLIAM W. BLEVINS
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA



## SUPERSEDING BILL OF INFORMATION
## FOR CONSPIRACY TO COMMIT BANK FRAUD
## AND VIOLATION OF THE FEDERAL GUN CONTROL ACT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO:  19-083 |
| v. | * | SECTION:  "T" |
| JUAN ARMSTEAD | * | VIOLATIONS: 18 U.S.C. § 1344 |
| | | 18 U.S.C. § 1349 |
| | * | 18 U.S.C. § 922(g)(1) |
| | * * * | |

The United States Attorney charges that:

### COUNT 1
### (Conspiracy to Commit Bank Fraud)

**A.    AT ALL TIMES MATERIAL HEREIN:**

1.    The following financial institutions (the "Financial Institutions") did business in the Eastern District of Louisiana and held deposits insured by the Federal Deposit Insurance Corporation:

a.    Regions Bank located at 805 Avenue D in Marrero, Louisiana;

b.    Hancock Whitney Bank located at 4454 Transcontinental Drive in Metairie, Louisiana;

Fee_____
Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No._____

c.     Hancock Whitney Bank located at 4301 Lapalco Boulevard in Marrero, Louisiana; and

d.     Iberia Bank located at 5120 Citrus Boulevard in Marrero, Louisiana.

**B.**     **THE SCHEME AND ARTIFICE TO DEFRAUD:**

2.     As part of the scheme and artifice to defraud, the defendant, **JUAN ARMSTEAD,** and others both known and unknown to the United States Attorney, did the following:

3.     The defendant and his co-conspirators would steal or unlawfully obtain from the mail the means of identification of individuals or companies, which mail contained personal or business checks with the names of companies or individuals in the Eastern District of Louisiana.

4.     The defendant and his co-conspirators would use the information from the unlawfully obtained mail to make and produce counterfeit and forged checks.

5.     The defendant and his co-conspirators would recruit and solicit individuals (negotiators) for their identification, so that the defendant and his co-conspirators or others could produce counterfeit and forged checks containing the name of the negotiator as a payee, and containing the means of identification of companies or individuals, payable in various sums of money.

6.     The defendant and his co-conspirators would transport the negotiators to banks throughout the Eastern District of Louisiana to negotiate the counterfeit and forged checks.

7.     The defendant and his co-conspirators would cause the negotiators to utter the counterfeit and forged checks at banks in Eastern District of Louisiana, and allow the negotiators to keep a portion of the negotiated check for themselves.

**C.     THE CONSPIRACY:**

8.     Beginning at a time unknown but prior to September 2018, and continuing until at least on or about January 31, 2019, in the Eastern District of Louisiana, the defendant, **JUAN ARMSTEAD,** did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the United States Attorney, to execute a scheme or artifice to defraud the Financial Institutions identified above, and other financial institutions, in violation of Title 18, United States Code, Sections 1344 and 1349.

9.     The object of the conspiracy was to acquire cash by presenting counterfeit and forged checks at financial institutions in the Eastern District of Louisiana.

**D.     OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY:**

10.     In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant, **JUAN ARMSTEAD**, and his co-conspirators, and others both known and unknown to the United States Attorney, did commit and cause to be committed, the following overt acts, among others, in the Eastern District of Louisiana:

11.     On or about August 3, 2018, the defendant and his co-conspirators did transport a negotiator to a financial institution in the Eastern District of Louisiana that was insured by the Federal Deposit Insurance Corporation, for the purpose of negotiating a counterfeit and forged check.

12.     On or about October 23, 2018, the defendant and his co-conspirators did transport a negotiator to a financial institution in the Eastern District of Louisiana that was insured by the Federal Deposit Insurance Corporation, for the purpose of negotiating a counterfeit and forged check.

3

13.     On or about November 27, 2018, the defendant and his co-conspirators did transport a negotiator to a financial institution in the Eastern District of Louisiana that was insured by the Federal Deposit Insurance Corporation, for the purpose of negotiating a counterfeit and forged check.

14.     On or about December 26, 2018, the defendant and his co-conspirators did transport a negotiator to a financial institution in the Eastern District of Louisiana that was insured by the Federal Deposit Insurance Corporation, for the purpose of negotiating a counterfeit and forged check.

All in violation of Title 18, United States Code, Sections 1344 and 1349.

## COUNT 2
### (Felon in Possession of a Firearm)

15.     On or about January 31, 2019, in the Eastern District of Louisiana, the defendant, **JUAN ARMSTEAD**, knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: a conviction on or about April 10, 2015, in case number 12-238 in the United States District Court for the Western District of Pennsylvania, for conspiracy to make and utter counterfeit securities, in violation of Title 18, United States Code, Section 371, did knowingly possess in and affecting commerce a firearm, to wit: a Palmetto State Armory rifle Model PA-15, Serial Number LW 149881; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## NOTICE OF BANK FRAUD FORFEITURE

16.    The allegations contained in Count 1 of this Bill of Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

17.    Upon conviction of the offense in violation of Title 18, United States Code, Section 1349 set forth in Count 1 of this Bill of Information, the defendant, **JUAN ARMSTEAD**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

18.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c).

## NOTICE OF GUN FORFEITURE

19.     The allegations of Count 2 of this Superseding Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461, and Title 21, United States Code, Section 853.

20.     As a result of the offense alleged in Count 2, defendant **JUAN ARMSTEAD** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), Title 28 United States Code, Section 2461, and Title 21, United States Code, Section 853, any firearm or ammunition, which was involved in or used in a knowing violation of Title 18, United States Code, Section 922, as alleged in Count 2 of the Superseding Bill of Information.

21.     If any of the property described above as being subject to forfeiture, as a result of any acts or omissions of the defendant **JUAN ARMSTEAD**:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided
       without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

6

All pursuant to Title 18, United States Code, Sections 922 and 924(d)(1), Title 28, United

States Code, Section 2461, and Title 21, United States Code, Section 853.


PETER G. STRASSER
UNITED STATES ATTORNEY

DUANE A. EVANS
Assistant United States Attorney
La. Bar. Roll No. 24086


New Orleans, Louisiana
November 18, 2019

No. 19-83 "T"

# United States District Court

## FOR THE

EASTERN _____ DISTRICT OF ___ LOUISIANA

UNITED STATES OF AMERICA

vs.

JUAN ARMSTEAD

SUPERSEDING BILL OF INFORMATION
FOR CONSPIRACY TO COMMIT
BANK FRAUD AND VIOLATION OF
THE FEDERAL GUN CONTROL ACT

Violation(s):

18 U.S.C. § 1344
18 U.S.C. § 1349
18 U.S.C. § 922(g)(1)

Filed _____, 20 __ 19 _____, Clerk.

By _____, Deputy

_____
Assistant United States Attorney
DUANE A. EVANS